IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHAWN MAXMILLION, MCDANIEL, )
                                   )
    Plaintiff,               )
                                   )
    v.                             ) CIVIL ACTION NO. 1:14-CV-1176-MHT
                                   )                      [WO]
HONORABLE JUDGE PETERSON, )
*et al*.,                             )
    Defendants.     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Henry County Jail, in Abbeville, Alabama, files this 42 U.S.C. § 1983 action against the Honorable Judge Peterson, the Honorable Judge Anderson, District Attorney Sam Clenney, and attorney Dan Blalock. He seeks to challenge the constitutionality of actions undertaken regarding criminal charges pending against him before the state courts of Henry County, Alabama.  Plaintiff requests help in receiving justice and stopping corruption and requests his case be heard in federal court. *Doc. No. 1*.

Upon review of the complaint, the court concludes this case should be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I.  DISCUSSION

Plaintiff is confined at the Henry County Jail on charges of third degree burglary and possession of burglary tools. On May 30, 2014, Judge Peterson set Plaintiff's bond on each charge at $350,000.00. Plaintiff complains that this bond amount is excessive, and that the entire Henry County court system is corrupt.

*A.  Judge Peterson*

1. <u>Non-Final Orders</u>. To the extent that Plaintiff seeks relief from adverse decisions issued by a state court not yet final, he is not entitled to relief on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff may appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

2. <u>Final Orders</u>. Regarding claims presented by Plaintiff attacking the constitutionality of orders issued by any state court which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments

rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case, regarding any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the requests for relief from final actions undertaken by the state courts during proceedings related to Plaintiff's pending criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also*

3

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

B.  Judge Anderson

Plaintiff names Judge Anderson as a defendant, but a review of the complaint reflects that Plaintiff makes no allegations of wrongdoing against him. Therefore, the court concludes that, to the extent Judge Anderson is not subject to dismissal for the reasons explained in §I(A), Plaintiff's complaint against this defendant is due to be dismissed. *See Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendant with the alleged constitutional violation); *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

C.  Attorney Dan Blalock

Plaintiff complains that Defendant Blalock, as his appointed attorney, will not file motions on his behalf and waived a hearing without Plaintiff's consent. Plaintiff fails to identify the motions his attorney has failed to file or the hearing waived without his consent. His complaint against his appointed counsel is due to be dismissed.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir.

1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").

Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Defendant Blalock are frivolous because they lack an arguable basis in law. *Neitzke*, 490 U.S. at 328. Such claims are, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

D.  Sam Clenney

District Attorney Sam Clenney is a named defendant; however, Plaintiff asserts no specific claim against Defendant Clenney. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

In his role as "as an 'advocate' for the state," Defendant Clenney's actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). He is, therefore, "entitled to absolute immunity for that conduct." *Id*.

While "prosecutors do not enjoy absolute immunity from [declaratory and injunctive relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981), to receive declaratory or injunctive relief, Plaintiff must establish there was a violation, there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *See Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

Here, there is an adequate remedy at law for the violations alleged by Plaintiff in his complaint. Specifically, Plaintiff may appeal any rulings or actions taken in his criminal case not only to the highest state court with jurisdiction to hear the claim but also to the United States Supreme Court. In addition, Plaintiff may seek a writ of habeas corpus in this court.

*See* 28 U.S.C. § 2254. Accordingly, there is an adequate remedy at law and Plaintiff is not entitled to declaratory or injunctive relief against Defendant Clenney.

*E. The Pending Criminal Charges*

To the extent that Plaintiff seeks dismissal of the criminal charges pending against him before the state courts of Henry County, Alabama, such relief is not warranted in this cause of action. Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. Here, Plaintiff has an adequate remedy at law regarding any claims relative to the propriety of the pending criminal charges because he may pursue these claims through the state court system in the on-going state criminal proceedings. *See Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985) (per curiam). Plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. That he must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is, therefore, compelled to abstain from considering the merits of any claims which place into question the constitutionality of the criminal charges pending against Plaintiff before the state courts of Henry County, Alabama, as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at

43-44. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants Peterson, Blalock, and Clenney be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The § 1983 claims presented against Defendant Anderson be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's challenge to the constitutionality of his pending criminal charges be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time; and

4. This complaint be DISMISSED prior to service of process.

 It is further

ORDERED that on or before **January 26, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF   UNITED   STATES   MAGISTRATE   JUDGE